***NOT FOR PUBLICATION***

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |  |
|---|---|---|
| DAVID BROWN, | : | |
| Plaintiff, | : | Civil No. 10-6122 (NLH) |
| v. | : | |
| DET. SGT. WILLIAM COVERT, et al., | : | OPINION |
| Defendants. | : | |

**APPEARANCES:**

**DAVID BROWN**, Plaintiff pro se
49 EMBER LANE
WILLINGBORO, NJ 08046

**HILLMAN**, District Judge

Plaintiff David Brown ("Plaintiff") initially filed this action pursuant to 42 U.S.C. § 1983 in November 2010. (Docket Entry No. 1.) At that time, Plaintiff was a pre-trial detainee and the complaint contains allegations which relate to evidentiary matters which were about to be introduced and litigated during his trial. As a result, this Court determined that a stay pursuant to Wallace v. Kato, 549 U.S. 384, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007) was warranted. (Docket Entry No. 3.) This Court further ordered that, within ninety days from the date of completion of Plaintiff's criminal proceedings, Plaintiff must notify the Clerk in writing and submit an amended complaint

stating: (1) those claims that Plaintiff wishes to proceed with, provided that such amended claims are related to the events asserted in Plaintiff's original complaint (i.e., to the events of November 2008); (2) detailing the entirety of the circumstances of Plaintiff's November 2008 arrest; and (3) clarifying the relation between Plaintiff's challenges raised in the amended complaint and the evidence presented during Plaintiff's trial, if any, provided that such relationship is known to Plaintiff.  (Id.)

On July 17, 2012, Plaintiff submitted an amended complaint. (Docket Entry No. 5.)  At this time, the Court will re-open this case and review the complaint, pursuant to 28 U.S.C. § 1915(e)(2), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the complaint should be dismissed without prejudice at this time.

**I. BACKGROUND**

The following factual allegations are taken from the amended complaint, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

Plaintiff's claims relate to his November 2008 arrest and

subsequent prosecution.  He alleges that on November 27, 2008, his <u>Miranda</u> rights were violated by Defendants William Covert, Richard Calabrese, Brandon Roberson, John Harris and Marc Carnival.  He states that he requested an attorney three times on the record but his requests were denied.  Also on November 27, 2008, Plaintiff alleges that he was subjected to an illegal search and seizure by Defendants Mayer, Shaw, Czarzasty, Calabrese and Obuchowski when they searched his vehicle without his consent and without a warrant.  Plaintiff alleges that the items found by Defendants were placed back where they were found and Defendants lied to a judge so they could obtain a warrant for the car seven days later.

Plaintiff alleges that Defendants Mayer, Shaw, Vittese, Covert, Rogers, Carnivale and Roberson all submitted false police reports regarding various events surrounding Plaintiff's arrest.  Plaintiff also alleges that Defendants Czarzasty, Covert, Harris, Roberson, Chorello, Sullivan, Luciano, Unley, Dunn and Scassero tampered with or destroyed evidence.  Finally, Plaintiff alleges that Defendants Rogers, Covert and Harris lied to a grand jury regarding the events.

**II.  DISCUSSION**

**A. Legal Standard**

**1. Standards for a Sua Sponte Dismissal**

The Prison Litigation Reform Act, Pub.L. No. 104-134, §§

3

801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B).  This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding as an indigent.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED.R.CIV.P. 8(a)(2).  Citing its opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) for the proposition that "[a] pleading that offers 'labels and

4

conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)(citing Iqbal, 129 S.Ct. at 1948).

The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. See Iqbal, 129 S.Ct. at 1949-50. See also Twombly, 505 U.S. at 555, & n. 3; Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011); Bistrian v. Levi, --- F.3d ----, 2012 WL 4335958 (3d Cir. September 24, 2012). "A complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Fowler, 578 F.3d at 211 (citing Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008)).

**2. Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory

5

> ... subjects, or causes to be subjected, any citizen of
> the United States or other person within the jurisdiction
> thereof to the deprivation of any rights, privileges, or
> immunities secured by the Constitution and laws, shall be
> liable to the party injured in an action at law, suit in
> equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

**B. Analysis**

This Court's January 5, 2011 Order advised Plaintiff that upon completion of his criminal proceedings, he shall submit an amended complaint that, among other things, "detailed[ed] the entirety of the circumstances of his November 2008 arrest." (Docket Entry No. 3.) The amended complaint submitted by Plaintiff fails to comply with the order. Plaintiff's original complaint alleges many claims against many defendants from different townships and while he provides facts about the allegations against each defendant, the facts provided are piecemeal and do not allow this Court to determine the overall course of events surrounding the arrest and prosecution. It appears that there may have been several robberies in different

6

towns, in which Plaintiff was implicated, but it is not clear. Moreover, it is unclear which allegations relate to which charges. Plaintiff's amended complaint does little to clarify these issues, as the amended complaint only consists of his original complaint, with an additional letter attached indicating that he pled guilty to third degree theft of a person on May 15, 2012 and four other charges were dropped. However, it is unclear based on the allegations in the complaint which claims relate to the charges that were dropped and which relate to the charge to which Plaintiff pled guilty. Plaintiff also attaches some documents from his state court case, but the documents are not complete and do not clarify the course of events.

As such, pursuant to Iqbal and this Court's January 5th Order, the Court will dismiss the amended complaint in its entirety for failure to state a claim upon which relief may be granted. Fowler, 578 F.3d at 210; Iqbal, 129 S.Ct. at 1948. However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted herein, the Court will grant Plaintiff leave to move to re-open this case and to file an amended complaint.[1]

---

[1] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]." 6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed.1990) (footnotes omitted). An amended complaint may adopt some or all of the

**III. CONCLUSION**

For the reasons stated above, the complaint will be dismissed without prejudice in its entirety for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff will be granted leave to file an amended complaint.

Dated: April 25, 2013

At Camden.

                                                s/ Noel L. Hillman
                                                NOEL L. HILLMAN
                                                United States District Judge

---

allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. Id. To avoid confusion, the safer course is to file an amended complaint that is complete in itself. Id.